## H. K. Tefft v. John D. Knox & Co.

Bankrupt Law; *Right to Discharge of Judgment, Not Forfeited.* March 10, 1877, plaintiff filed his voluntary petition in the United States district court, asking to be adjudged a bankrupt. At that time there was pending in the Shawnee county district court an action against him as an accommodation-indorser on a promissory note ; and he had been duly served with summons, but failed to answer, and made no appearance. In September, 1877, judgment was duly rendered against him, and in October following he received his final discharge in bankruptcy. In October, 1884, he filed his motion in the district court, as provided by § 3, chapter 12, Comp. Laws of 1881, to have indorsed on the judgment record, "Discharged by virtue of the bankrupt law." This motion was overruled. *Held,* That the plaintiff, by waiving his right to have said case continued in the state court, as provided by § 5106 of the Revised Statutes of the United States, until he received his final discharge in bankruptcy, did not forfeit his right to have said judgment discharged under the provisions of § 3, chapter 12, Comp. Laws of 1881.

### Error from Shawnee District Court.

On October 24, 1884, *H. K. Tefft,* by motion, applied to the district court of Shawnee county, to have the words, "Discharged by virtue of the bankrupt law," indorsed upon the record of a certain judgment rendered in that court against him, and in favor of *John D. Knox & Co.,* on September 12, 1877. This motion was heard on November 21, 1884, upon an agreed statement of facts, substantially as follows: On December 28, 1876, *John D. Knox & Co.* sued *H. K. Tefft* as an indorser of a certain promissory note, in which action he was duly served with summons, but made default. On March 10, 1877, *Tefft* duly

filed his voluntary petition in bankruptcy, in which this debt
was scheduled. On September 12, 1877, *John D. Knox & Co.*
obtained against *Tefft* a judgment, by default, in said action
pending in the district court; and on October 31, 1877, he ob-
tained his discharge in bankruptcy. *John D. Knox & Co.* did
not make any appearance in said action in the bankruptcy
court. There were no assets, and no dividends.

The foregoing motion was overruled, to which ruling *Tefft*
excepted, and has brought the case here for review.

*G. C. Clemens,* and *H. C. Root,* for plaintiff in error.

*J. G. Slonecker,* for defendant in error.

Opinion by CLOGSTON, C.: The only question for consider-
ation is: Was the judgment in question discharged by reason
of the defendant's discharge as a bankrupt? To determine
this question, the provisions of the bankrupt law must be ex-
amined. Section 506 of the act of 1867 provides:

"No creditor whose debt is provable under this act shall be
allowed to prosecute to final judgment any suit at law or in
equity therefor against the bankrupt, until the question of the
debtor's discharge shall have been determined; and any such
suit or proceeding shall be, upon the application of the bank-
rupt, stayed to await the determination of the court in bank-
ruptcy on the question of said discharge."

There is an exception to this provision, which provides that the
creditor may proceed to judgment by special leave of a bank-
ruptcy court, for the sole purpose of ascertaining the amount
due; which, when determined, may be proved in bankruptcy
as an adjudicated claim. Under this section there were two
ways in which the judgment might have been affected: first,
by the appearance of the defendant with his showing that he
had been declared a bankrupt, and by moving that the cause
be continued until his discharge could be procured from the
bankruptcy proceedings; second, the plaintiff might have pro-
cured leave of the court in which the bankruptcy proceedings
were pending, to proceed to final judgment, and after such
judgment, have proved the same as a claim against the bank-

rupt; but both might waive such right. The plaintiff by so doing would not abandon his right to prove his judgment, and would have the right to file his judgment as a claim against the bankrupt estate, and share with the other creditors. The defendant might abandon his right to have the proceedings stayed to await his final discharge, but in so doing he would not forfeit his right to plead his final discharge in bankruptcy, when procured; and if he did not receive his discharge until after judgment had been rendered against him in the state court, then he might proceed, as in this case, to have the judgment discharged.

Since this case was submitted to this court, the supreme court of the United States has passed upon the same question involved in this case. Mr. Justice Miller, speaking for the court, says:

"These provisions exclude altogether the idea that the state court has lost jurisdiction of the case, even when the bankrupt shall have made application showing the proceedings against him. The whole section is also clearly impressed with the idea that this is a provision primarily for the benefit of the bankrupt, that he may be enabled to avoid being harassed in both courts at the same time in regard to such debt. It is therefore a right which he may waive. He may be willing that the suit shall proceed in the state court, for many reasons: First, because he is not sure that he will ever obtain his discharge from the court in bankruptcy, in which case it would do him no good to delay the proceedings at his expense in the state court; in the second place, he may have a defense in the state court which he is quite willing to rely upon there, and to have the issue tried; in the third place, he may be very willing to have the amount in dispute liquidated in that proceeding, in which case it becomes a debt to be paid *pro rata* with his other debts by the assignee in bankruptcy. If for any of these reasons, or for others, he permits the case to proceed to judgment in the state court, by failing to procure a stay of proceedings under the provisions of this section of the bankrupt law, or the assignee in bankruptcy does not intervene, as he may do, he does not thereby forfeit his right to plead his final discharge in bankruptcy, if he shall obtain it, at any appropriate stage of the proceedings against him in the state court. And if, as in the present case, his final discharge

is not obtained until after judgment has been rendered against him in the state court, he may produce that discharge to the state court, and obtain the stay of execution which he asks for now." (7 Supreme Court Reporter, 984; see also 24 Cent. L. J. 587.)

In view of this opinion, we recommend that the case be reversed, and remanded for further proceedings, in accordance with the views herein expressed.

By the Court: It is so ordered.

All the Justices concurring.